In the Matter of the Probate of the Proposed Paper Purporting to Be the Last Will and Testament of ROBERT G. McCLEAR, Deceased.

SARAH McCLEAR, Executrix, etc., of ROBERT G. McCLEAR, Deceased, Appellant; ROBERT E. McCLEAR and Others, Respondents.

Fourth Department, December 23, 1925.

Wills — testamentary capacity — will made two hours prior to testator's death following operation — verdict that testator was mentally incapacitated is against evidence — will admitted to probate.

The verdict of the jury in this proceeding to probate the will of the testator which found that he was mentally incapacitated at the time the will was made is contrary to the evidence, and the decree must be reversed and the will admitted to probate, since it appears that the will was made two hours prior to the death of the testator following an operation; that while the testator's wife, just prior to the operation, requested him to leave her at least one-half of the property which they had acquired throughout their lifetime, the testator directed the attorney, who was unknown to him, to draw a will devising the entire estate to his wife, which was done; that the testimony by the attending physician, the nurse and the attorney was to the effect that the testator was mentally competent to make a will, and that the only testimony as to incompetency was evidence relating to the use of morphine and strychnine under medical direction.

APPEAL by Sarah McClear from a decree of the Surrogate's Court of the county of Jefferson, entered in the office of said Surrogate's Court on the 12th day of February, 1924, refusing probate of the will of said deceased after the verdict of a jury in the Supreme Court which found deceased incompetent to make a will, and also from an order denying appellant's motion for a new trial made upon the minutes.

*Robert S. Waterman [John H. O'Brien* of counsel], for the appellant.

*Breen & Reeves [Nathaniel F. Breen* of counsel], for the respondents.

PER CURIAM:

On the evening of April 16, 1923, an operation was performed upon Robert G. McClear, eighty-three years old, in an Ogdensburg hospital. Before leaving his home for the hospital, McClear's wife was in tears and said to him that she had struggled all of these years and that she ought to have half his property anyway. The couple had lived together for fifty years without children.

A will leaving all his property to his wife was executed by McClear in the hospital, on April nineteenth, at about eight o'clock in the

evening, and McClear died two hours later. At the time of his death he owned real estate and personal property of the value of over $26,000, which he and his wife had accumulated together.

McClear told Miss Donahue, a registered nurse who had been called into the case on the evening of April nineteenth, that he wanted a lawyer. Soon afterward Robert S. Waterman, an Ogdensburg attorney, entered the room. The Rev. James J. Lacey, a Catholic priest, had also been sent for and arrived shortly thereafter. McClear told Waterman that he wanted to make his will and wanted all of his property to go to his wife. Waterman drew up the will on a blank form which he had brought for the purpose. The document was read to McClear, and was immediately thereafter duly executed by the testator and the two subscribing witnesses, Waterman and Lacey. Every legal formality was duly observed.

Waterman had never met McClear, Father Lacey had attended him spiritually for about three days, and the nurse had never seen him prior to the evening of April nineteenth. Dr. Madill, who performed the operation, saw McClear several times in his room, the last time one hour before the will was executed. He testified that the testator appeared rational and mentally sound and that he observed nothing irrational about him.

After a trial a Supreme Court jury found that McClear did not have testamentary capacity when he made his will; and a decree has been entered by the surrogate of Jefferson county denying probate. This appeal has resulted.

The testimony of the witnesses Waterman, Lacey, Donahue and Madill make out a strong *prima facie* case for the proponent, especially when considered in connection with the presumption that McClear was mentally competent. This presumption is not alone sufficient and the burden of proof is always with the proponents to prove testamentary capacity.

The witnesses called by the contestants were six in number, none of whom mentioned any irrational acts or conversations of the testator or gave any testimony indicating mental incompetency in him. It appeared that morphine in the usual doses had been administered to the testator to relieve pain, and that on the night the will was executed some strychnine had been administered to stimulate his heart action. But there was nothing to show that the morphine or the strychnine produced any irrationality.

This testimony submitted by the contestants failed to raise a real issue of fact as to the competency of McClear to make a will. The jury had been informed by the court in effect that if it should upset this will the widow would get considerably more than one-

half of the estate. Inasmuch as one-half was what the widow had suggested to be rightfully hers, the jury seems to have constituted itself a substitute testator by giving the other one-half of the estate to McClear's collateral relatives. These latter had not the slightest claim upon McClear's bounty.

There is no evidence to support the finding of testamentary incapacity — the only question raised. (*Matter of Wolf*, 196 App. Div. 722.)

The verdict should be set aside, the decree of the surrogate of Jefferson county denying probate reversed, and the matter remitted to the surrogate with a direction to enter a decree admitting the will to probate.

All concur. Present — HUBBS, P. J., CLARK, SEARS, CROUCH and TAYLOR, JJ.

Decree denying probate reversed on the law and facts, with costs, and matter remitted to the Surrogate's Court with directions to enter decree admitting the will to probate. Appeal from order denying motion for a new trial dismissed.